# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| BIMBO BAKERIES USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> BAKERY, CONFECTIONERY, TOBACCO WORKERS AND GRAIN MILLERS INTERNATIONAL UNION, LOCAL 111, <br><br> Defendant. | Civil Action No. _____ |

## COMPLAINT

Plaintiff, Bimbo Bakeries USA, Inc. ("BBU" or the "Company"), by its attorneys, brings this action against Defendant, Bakery, Confectionery, Tobacco Workers and Grain Millers International Union, Local 111 ("Local 111" or "Union") to vacate an arbitration Opinion and Award ("Award"), to obtain relief from the remedy awarded therein, and to stay enforcement of the Award pending this Court's determination of its validity.

## PARTIES

1. BBU is a corporation organized under the laws of the State of Delaware with nationwide operations engaged in the manufacture, sale, and distribution of baked goods. The Company is an employer within the meaning of Section 2(2) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(2), and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"). The Company's headquarters is located at 255 Business Center Drive, Horsham, Pennsylvania 19044. The Company operates a bakery located at 7301 South Freeway, Fort Worth, Texas 76134 ("Fort Worth bakery").

2. The Union is a labor organization within the meaning of Section 2(5) of the NLRA,

1

29 U.S.C. § 152(5), and Section 301 of the LMRA, 29 U.S.C. § 185. The Union is the exclusive collective bargaining representative for a bargaining unit consisting of employees in the Production, Maintenance, Sanitation, and Shipping/Receiving departments at the Fort Worth bakery. Upon information and belief, Local 111 maintains a business address at 137 Sycamore School Road #104, Fort Worth, Texas 76134.

## JURISDICTION AND VENUE

3. The claims asserted in this Complaint are brought under Section 301 of the LMRA, 29 U.S.C. § 185.

4. This Court has jurisdiction of this matter under Section 301 of the LMRA, 29 U.S.C. § 185.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) and 29 U.S.C. § 185 because, among other reasons, this is a District in which Local 111's duly authorized officers or agents have been engaged in representing or acting for employee bargaining unit members at all relevant times and where the events giving rise to the Award occurred.

6. This action is timely filed under applicable Texas law, Tex. Civ. Prac. & Rem. Code § 16.051, within four years after the Company received delivery of a copy of the Award on or about August 11, 2021 and a Supplemental Arbitration Proceeding ("Supplemental Award") on or about April 17, 2023, that finalized the Award's remedy. *See Local 1013 v. Ingram Manufacturing Co.*, 715 F.2d 886, 889-90 (5th Cir. 1983). A true and correct copy of the Award is attached hereto as Exhibit A. A true and correct copy of the Supplemental Award is attached hereto as Exhibit B.

## FACTS

7. Local 111 and BBU are parties to a collective bargaining agreement covering employees at the Fort Worth bakery effective from February 4, 2018 through February 4, 2023 (the

"Agreement"). A true and correct copy of the Agreement is attached hereto as Exhibit C.

8. The Agreement contains a dispute resolution provision, in Article 6, providing for grievance arbitration that restricts the authority of an arbitrator as follows:

> "The arbitrator shall have no power to add to or subtract from or modify any of the terms of this Agreement."

9. Article 13.5 of the Agreement, entitled "Schedules," provides that "[n]o employee will be scheduled to work more than five (5) days in a workweek . . . ."

10. Article 13.8 of the Agreement states in part:

> "Each full-time employee who reports for the regular assignments as required by the department schedule is guaranteed (40) forty hours work in five (5) days which need not be consecutive."

11. The Company, therefore, can set employee schedules at the Fort Worth bakery, providing for consecutive or non-consecutive days of work.

12. Local 111 and BBU have agreed that employees who do not work consecutive day schedules are entitled to additional compensation. Article 19.1 of the Agreement, entitled "Earned Work Credit," provides that:

> "A. Any employee who is assigned to work a schedule that *does not provide for two (2) consecutive days off* shall be credited with twelve (12) earned work credits *for each Saturday/Sunday worked under any such non-consecutive day work schedule*.
>
> B. Moreover, it is the intention of this Agreement that the Company shall either establish work schedules, *which provide for consecutive days off or pay the earned work credit*. Accordingly, when an employee is assigned to work a schedule, which provides for Saturday/Sunday off *but does not provide for two (2) consecutive days off, such employee shall also be credited with twelve (12) earned work credits for each such non-consecutive day work schedule*." (emphases added).

13. The Company and Union agreed to the earned work credit ("EWC") provisions of Article 19 years ago as a financial recognition for when employees did not have two days off in a row and, correspondingly, would have to work Saturday, Sunday, or both under a non-consecutive

3

day work schedule.

14. Each EWC under Article 19 has a value of $1.00, with the prior 12 months' EWC paid out annually to each eligible employee in December.

15. Before 2019, production employees at the Fort Worth bakery regularly worked on Saturday and/or Sunday and rarely had two consecutive days off. Therefore, BBU commonly paid production employees EWCs for the weeks in which they did not receive two consecutive days off.

16. In the first quarter of 2018, the Company initiated plans to change the Fort Worth bakery production employees' schedules to a Monday through Friday schedule, meaning employees received both Saturdays and Sundays off. The Company decided to implement the schedule change to provide schedules with better balance for most of the Company's production employees and to serve as an attractive recruitment and retention tool.

17. The Company notified the Union of the anticipated schedule change in September 2018. The Union did not request to bargain over EWC in connection with the schedule change and did not bring up EWC during the parties' 2018 negotiations for a successor collective bargaining agreement.

18. In January 2019, the Company implemented the new schedule and, at the end of 2019, did not pay EWC to employees for weeks when they had both Saturdays and Sundays off.

19. The schedule change was not limited to Forth Worth bakery employees. The Company implemented the new schedule for approximately 1500 employees at all eight bakeries in the region, including Fort Worth, Houston, Oklahoma City, Arlington, Grand Prairie, Rockwall, San Antonio, and Meridian, Mississippi.

20. In December 2019, the Union filed two grievances, which were later consolidated,

against BBU alleging that the Company violated the Agreement by not paying employees EWC for weeks in which they worked Monday to Friday schedules and received both Saturday and Sunday off.

21. On April 8, 2021 the Company and the Union held an arbitration hearing over the consolidated grievance before Arbitrator Michael Z. Green ("Arbitrator Green"), who issued the Award dated August 11, 2021.

22. Although Arbitrator Green acknowledged that "the validity of an arbitrator's award rests upon the arbitrator drawing the essence of the award from the language's meaning," the Award is irreconcilable with the plain, unambiguous language in Article 19.1 limiting EWC to weeks with a "non-consecutive day work schedule."

23. Arbitrator Green impermissibly, and extra-contractually, reasoned that because the Company's weekly work schedules start on Sunday and end on Saturday, that a Monday to Friday work schedule was a "non-consecutive day work schedule" because the two consecutive days off spanned two weekly schedules, rather than one.

24. But Article 19.1 contains no ambiguity that the Arbitrator could have relied upon to "interpret" Article 19.1 in the manner he did, which afforded a windfall of EWC to employees who, indisputably, worked a "consecutive day work schedule" of Monday to Friday and received two consecutive days off—Saturday and Sunday. *See Delta Queen Steamboat Co. v. Dist. 2 Marine Eng'rs Beneficial Ass'n*, 889 F.2d 599, 604 (5th Cir. 1989) (overturning arbitration award that directly conflicted with plain language of collective bargaining agreement because "the rule in this circuit, and the emerging trend among other courts of appeals, is that arbitral action contrary to express contractual provisions will not be respected").

25. Under the Arbitrator's impermissible Award, employees who work a Monday to

Friday schedule, and thus receive both Saturday and Sunday off, are entitled to EWC, while those who work Sunday to Thursday or Tuesday to Saturday, and also receive consecutive days off, are not. The Agreement cannot sustain such an arbitrary distinction divorced from the plain language.

26. The Award also displayed the Arbitrator's personal sense of industrial justice when he noted that the Company's contractual position "leads to a harsh result of more than $20,000 less for bargaining unit employees." Given the Agreement's plain language, the Arbitrator did not have the authority or jurisdiction to ignore Article 19's language based on the monetary impact to employees. *See, e.g.*, *Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 596 (1960) ("[A]n arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice."); *Beaird Indus., Inc. v. Local 2297, Int'l Union*, 404 F.3d 942, 946 (5th Cir. 2005) ("It is well-established that courts may set aside awards when the arbitrator exceeds his contractual mandate by acting contrary to express contractual provisions.").

27. On September 23, 2021, the Company filed a complaint with the United States District Court for the Northern District of Texas seeking to vacate the Award. *See* Case 4:21-cv-01079-P, at ECF 1.

28. On November 29, 2021, the Union filed its Answer and a Counterclaim seeking to remand the Award to Arbitrator Green to resolve all remedial issues under the Award prior to federal court review to vacate or enforce the Award. *Id.*, at ECF 10.

29. On February 25, 2022, the Company and the Union filed dueling cross motions for summary judgment. *Id.*, at ECF 21 and 22. The motions were fully briefed on April 1, 2022.

30. In response to the Union's Counterclaim for remand to Arbitrator Green to finalize the Award's remedy, on August 24, 2022, Judge Mark T. Pittman denied as premature the

Company's Motion for Summary Judgment to vacate the Award, granted the Union's Motion for Summary Judgment to remand as to remedy, and dismissed the case without prejudice. *Id.*, at ECF 30 and 31.

31. On April 17, 2023, Arbitrator Green issued the Supplemental Award that completely and finally resolved the Award's remedy. *See* Ex. B. Arbitrator Green retained jurisdiction for clarification of the Supplemental Award until May 17, 2023, and neither the Company nor Union timely sought clarification. Arbitrator Green's jurisdiction is therefore exhausted.

## **PRAYER FOR RELIEF**

32. BBU repeats and re-alleges paragraphs 1 through 31 as though fully set forth herein.

33. Consistent with the above allegations, BBU respectfully requests that this Court vacate and set aside the Award in its entirety because:

   a. The Arbitrator evidenced a manifest disregard of the terms of the Agreement and issued an Award totally unsupported by principles of contract construction;

   b. The Award ignores the plain language of the contract;

   c. The Award fails to draw its essence from the Agreement;

   d. The Award is based on an impermissible addition and/or modification of the provisions of the Agreement, in violation thereof;

   e. The Arbitrator exceeded his power under the law and the parties' Agreement.

WHEREFORE, BBU respectfully requests that this Court grant judgement vacating the Award in its entirety and award such other relief as may be just and proper.

Dated: June 16, 2023                                Respectfully submitted,

*David R. Broderdorf* (signature)
David R. Broderdorf
Washington DC Bar No.: 984847
Virginia Bar No.: 76538
david.broderdorf@morganlewis.com
Richard J. Marks*
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 739-5817
Facsimile: (202) 739-3001
* Pro hac to be filed

Lauren A. West
Texas Bar No. 24070831
lauren.west@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1717 Main Street, Suite 3200
Dallas, TX 75201-7347
Telephone: (214) 466-4000
Facsimile: (214) 466-4001

**Attorneys for Plaintiff,
Bimbo Bakeries USA, Inc.**